# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3187

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jermaine T. Bryson, also known as JD, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 15, 2010
Filed: May 7, 2010

_____

Before WOLLMAN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


Jermaine Bryson appeals his conviction for possession of cocaine base (crack cocaine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Bryson argues that the evidence was insufficient to support the jury verdict and that he was therefore entitled to a judgment of acquittal. We affirm the district court's[1] judgment.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

On December 18, 2004, Fort Dodge, Iowa, Police Officer Laura Myers, recognized Bryson and arrested him for operating a vehicle with a suspended license. Bryson denied his true identity and gave Myers a false name. Officer Dan Steck arrived at the scene and confirmed Bryson's identity. When Bryson was asked to exit the vehicle, he attempted to flee and was apprehended a short distance away. Steck and Webster County Sheriff's Deputy Jayson Heesch conducted a search incident to arrest, which led to the discovery and seizure of $618 and a plastic baggie containing 7.87 grams of crack cocaine from Bryson's person. No paraphernalia associated with drug use was found on Bryson or in the vehicle. Following his arrest, Bryson told Myers that the substance was cocaine, that it was intended for personal use, and that Myers should dispose of it.

At trial, a Sioux City police officer experienced with drug trafficking testified that crack cocaine users typically have user paraphernalia on their person and that users typically spend all money available to them on purchasing drugs. The officer testified that possession of more than 3.5 grams of crack cocaine is consistent with distribution. He also explained that some distributors of crack cocaine do not package the drugs and instead simply hand out individual portions by "eyeballing" the quantity.

We will reverse a conviction for insufficient evidence only if, accepting all reasonable inferences that support the verdict, no reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006). Based on the evidence that Bryson possessed a quantity of drugs consistent with distribution and some $618 in cash, and did not possess user paraphernalia, the jury could reasonably infer Bryson's intent to distribute. See United States v. Bell, 477 F.3d 607, 613 (8th Cir. 2007) (evidence sufficient to prove possession with intent to distribute where officers found about seven grams of crack cocaine, which testimony indicated was greater than personal-use amount, and where

there was no indicia of personal use of crack cocaine, such as pipes).  Accordingly, the district court did not err in denying Bryson's motion for judgment of acquittal.

The judgment is affirmed.

_____